UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RHONDA LYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-CV-6 NAB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Rhonda Lynn's ("Lynn") application for supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 12.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion. Based on the following, the Court will affirm the Commissioner's decision.

**I.     Issue for Review**

Lynn contends that the Commissioner's final decision, as written by the administrative law judge ("ALJ"), was not supported by substantial evidence from the record as a whole. Lynn requests that the Court reverse the ALJ's decision and instruct the Commissioner to award her

benefits. The Commissioner contends that substantial evidence on the record as a whole supports the decision.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## III. Discussion

In this case the ALJ determined that Lynn had the severe impairments of diabetes mellitus, obesity, major depressive disorder, and panic disorder. (Tr. 14.) The ALJ then determined that Lynn had the residual functional capacity ("RFC") to perform light work with the following limitations: (1) only occasional crawling, squatting, stooping, bending, and climbing; (2) avoid climbing ladders or working heights; (3) only occasional contact or interaction with the public, co-workers, and supervisors; and (4) limited to simple, repetitive tasks. (Tr. 15.) The ALJ noted that Lynn could adequately concentrate for extended periods of time. (Tr. 15.) The ALJ found that there were jobs that Lynn could perform based on the aforementioned RFC and therefore, she was not disabled under the Social Security Act.

Based upon a review of the record as a whole, the Court finds that the ALJ's disability finding is supported by substantial evidence. The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC determination is based on all of the evidence in the medical record, not any particular doctor's treatment notes or medical opinion. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. The ALJ "is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of the claimant's physicians. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011). A disability claimant has the burden to establish her RFC. *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).

In this case, three psychologists, Dr. Lamair[1], Dr. Markway, and Dr. Stacy found that Lynn had moderate limitations in various areas of activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace. (495-509, 594-608, 704-707.) Both parties concede that Lynn has moderate limitations in these areas and there is substantial evidence in the record to support the doctors' findings of moderate limitations. Lynn contends that the ALJ should have found her disabled based on the doctors' finding of moderate limitations, specifically in the areas of concentration, persistence, or pace. Further, Lynn contends that the ALJ's RFC determination does not adequately account for the moderate limitations in those areas.

The ALJ is required to base the disability finding on all of the evidence in the record as a whole. Although the doctors opined that Lynn had moderate functional limitations in concentration, persistence, or pace, the fact that they found moderate limitations standing alone does not automatically support a finding of disability. The form completed by Dr. Lamair, who found the most severe limitations, defined moderate limitations as follows:

> *an impairment which would not preclude the individual from performing the designated activity [job] on a regular and sustained basis*, i.e., 8 hours a day, 5 days a week or an equivalent work schedule; however, for example, the individual might require unscheduled breaks due to psychologically based factors, or a supervisor or job coach to periodically intervene and keep the individual on task, or similar accommodations.

(Tr. 704.) (emphasis added). At the hearing, Plaintiff conceded that the definition on the form would be appropriate to use for moderate limitations. A moderate limitation as defined above would not prevent Lynn from performing competitive work activity. *See e.g. Roberson v.*

---

[1] The Court notes and Plaintiff concedes that Dr. Lamair's opinion would not be entitled to controlling weight, as her treating relationship with Lynn was limited to two visits. Two visits is not enough time to develop a longitudinal picture of a claimant's medical impairments. *See e.g. Randolph v. Barnhart,* 386 F.3d 835, 840 (8th Cir. 2004) (three visits insufficient to formulate an opinion of claimant's ability to function in the workplace).

*Astrue*, 481 F.3d 1020, 1024-1025 (8th Cir. 2007) (moderate limitation, as defined on the form itself, did not prevent individual from functioning satisfactorily); *Lacroix v. Barnhart*, 465 F.3d 881, 888 (8th Cir. 2006) (definition of moderate on evaluation form, noted that moderate limitations means that individual would still be able to function satisfactorily). There is not sufficient evidence in the record to demonstrate that Lynn would need the additional accommodations noted above, such as a job coach or unscheduled breaks. Further, the Court finds that in this case, the ALJ's RFC determination adequately accounted for Lynn's moderate limitations regarding concentration, persistence, or pace by limiting her to simple, repetitive tasks. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001).

## IV.    Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only 'enough that a reasonable person would find it adequate to support the decision,' and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, No. 13-2269, 2014 WL 1797396 at *3 (8th Cir. May 7, 2014) (internal citations omitted). The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome, or because the court would have decided the case differently. *Id.* A review of the record as a whole demonstrates that Lynn has some restrictions in her functioning and ability to perform work related activities, however, she did not carry her burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC). Therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs . 1, 19, 28.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 29th day of October, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE